# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William T. Widmyer,**
**Petitioner Below, Petitioner**

**FILED**

May 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0355** (Jefferson County 13-C-224)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner, William T. Widmyer, by counsel Christopher J. Prezioso, appeals the order of the Circuit Court of Jefferson County, entered March 12, 2014, that denied petitioner's second petition for post-conviction habeas corpus relief. Respondent, David Ballard, the Warden at the Mount Olive Correctional Complex, by counsel Brandon C. H. Sims, filed a response in support of the circuit court's order. Petitioner also filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 22, 1999, a jury found petitioner guilty of the following crimes: first degree murder of his ex-wife, malicious assault of his ex-wife's boyfriend, destruction of property, breaking and entering, petit larceny, and possession of a vehicle knowing it to be stolen. The jury did not recommend mercy on the first degree murder conviction. In August of 1999, the trial court sentenced petitioner to the following terms of incarceration: life without mercy for first degree murder; two to ten years for malicious wounding; one year for destruction of property; one to ten years for breaking and entering; one year for petit larceny; and one to five years for possession of a vehicle knowing it to be stolen. The circuit court ordered these sentences to be served consecutively.

This Court denied petitioner's direct appeal of his convictions on November 1, 2000.

On February, 16, 2001, petitioner filed a *pro se* petition for habeas corpus relief. Petitioner also filed a lengthy memorandum of law in support of the petition. Based upon petitioner's claim that the judge who presided over his criminal trial, Judge Thomas Steptoe, Jr., was biased, petitioner's habeas petition was assigned to Judge Gray Silver, III. However, Judge Silver recused himself from the case after petitioner filed a writ of mandamus against him. The case was then assigned to Judge David H. Sanders, who also eventually recused himself.

1

Petitioner's habeas petition was ultimately ruled upon by Judge Christopher C. Wilkes. These various judges sequentially appointed a total of ten habeas counsel to represent petitioner. While represented by the first nine of these appointees, petitioner—acting *pro se*—filed "Supplemental Grounds for Appeal," a "Supplement to the Amended Petition," a "Second Supplement to the Amended Petition," and a third "Supplement to the Amended Petition." On January 7, 2004, the circuit court appointed petitioner's tenth habeas counsel, Christopher Janelle, who represented petitioner throughout the remainder of his habeas proceeding.

On July 23, 2004, petitioner received a letter from Mr. Janelle that instructed petitioner to call Mr. Janelle to discuss the filing of a *Losh* list.[1] Petitioner received a second letter from Mr. Janelle on August 11, 2004, in which Mr. Janelle explained that he would need to have a phone conversation with petitioner to "allow my office to prepare an Amended Petition in your case." This letter referenced a previous phone call between petitioner and an associate attorney in Mr. Janelle's office, Frank Aliveto. On October 14, 2004, petitioner received another letter from Mr. Janelle in which Mr. Janelle stated that petitioner's *pro se* habeas petition appeared to be "thorough and well-written" and, as such, there was no need to file an amended petition. Mr. Janelle also asked whether petitioner had completed his *Losh* list and encouraged petitioner to review the blank *Losh* list Mr. Janelle had sent him.

In November of 2004, petitioner spoke by telephone with Mr. Aliveto regarding the completion of a *Losh* list. Petitioner claims that, thereafter, he completed a *Losh* list and returned it, via certified mail, to Mr. Janelle's office on December 13, 2004. Petitioner also claims that because he heard nothing thereafter from Mr. Janelle, he filed a motion to compel Mr. Janelle's performance on June 6, 2005. By letter dated June 14, 2005, Mr. Janelle replied, in part, as follows:

> Several months ago, my associate, Mr. Aliveto, spent nearly an hour with you on the phone discussing your *Losh* list with you, reviewing issues, and helping you to fill out your *Losh* list. At the conclusion of that telephone conference, you were asked to return this completed document to my office for review and filing with the Court. Furthermore, it is my understanding that in subsequent phone calls that you had with Mr. Aliveto, he again reminded you to return the complete *Losh* list. To date, you have not returned the *Losh* list. Thus far, any delay in this matter has been caused by you, not this firm.

Petitioner avers that he re-sent his *Losh* list to Mr. Janelle on July 21, 2005. At the same time, petitioner also sent the list to the circuit clerk, the presiding habeas judge, and the prosecuting attorney. Attached to petitioner's *Losh* list was a memo that read as follows: "Enclosed is a letter to Attorney Chris Janelle and my '*Losh*' list, please, place copy with my "Motion to Compel" filed June 6, 2005. And in my legal file for further use. Thank you!" The circuit clerk docketed petitioner's *Losh* list five days later, on July 26, 2005.

On September 12, 2005, Mr. Janelle filed a motion for an omnibus evidentiary hearing. Attached to that motion was petitioner's *Losh* list which claimed twenty-one of the fifty-three

---

[1] *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

possible grounds for habeas relief. However, Mr. Janelle's signature did not appear on the attorney certification portion of the *Losh* list. On December 5, 2005, the State filed its response. On January 3, 2006, the habeas court—absent an omnibus hearing—denied petitioner's habeas petition in a forty-seven page order. The order addressed each issue raised in the petition and in the three supplements to the petition. The habeas court also addressed each of the grounds for relief that were waived by petitioner's *Losh* list.

On January 14, 2006, petitioner filed in the circuit court a notice of intent to appeal the denial of habeas relief and a motion for appellate counsel. The circuit court sequentially appointed five appellate counsel. The first four counsel were allowed to withdraw due to complaints filed against them by petitioner or others. The fifth counsel, Christopher J. Prezioso, filed an appeal on petitioner's behalf. This Court denied that appeal on February 22, 2010.

On June 26, 2013, Mr. Prezioso filed petitioner's second habeas petition and a new *Losh* list on which petitioner had hand-written, "I wish Not to waive any grounds." This second habeas petition alleged the following grounds for relief: (1) ineffective assistance of petitioner's former habeas counsel (Mr. Janelle); (2) newly discovered evidence regarding petitioner's competency; (3) petitioner's sentence violated the Eighth Amendment of the United States Constitution; and (4) certain grounds for relief in petitioner's first habeas proceeding were improperly denied due to Mr. Janelle's ineffective assistance. Based on this last claim, petitioner asked the court to adjudicate the "improperly denied" grounds as due process violations even though they had been addressed by the court in petitioner's first habeas proceeding. Thereafter, the habeas court ordered the State to respond to the following four issues: (1) whether an omnibus hearing was held on petitioner's first habeas petition; (2) whether the grounds found on the *Losh* list submitted with petitioner's second habeas petition had been waived or adjudicated; (3) whether habeas counsel in the first habeas action rendered effective assistance; and (4) whether petitioner's claim of newly discovered evidence regarding his competency was of a type and quality to allow post-conviction habeas review.

On November 22, 2013, the circuit court held an evidentiary hearing on the issues briefed by the State. Petitioner's first habeas counsel, Mr. Janelle, testified at length regarding his representation of petitioner during petitioner's first habeas proceeding. Specifically, Mr. Janelle testified that (1) he spent dozens of hours reviewing petitioner's copious *pro se* pleadings and the lengthy files in petitioner's underlying criminal case; and (2) he sent numerous letters to petitioner (all of which were entered into evidence) and spoke by telephone with petitioner several times. Mr. Janelle also testified regarding Attorney Aliveto's work on petitioner's behalf.

Petitioner also testified at the evidentiary hearing. Petitioner stated that he did not intend for his July of 2005 *Losh* list to be the used by the circuit court to decide his case, but instead had sent the list to the circuit clerk, the judge, and the prosecutor as a means of letting them know that he had not delayed the proceedings.

By order entered March 12, 2014, the circuit court denied petitioner's second habeas petition. Petitioner now appeals.

We review a circuit court's dismissal of a habeas petition under the following standard:

3

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Further, "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner first argues that the circuit court erred in denying his second habeas petition because all of the lawyers who represented petitioner during his first habeas proceeding were ineffective given that none of them amended his *pro se* habeas petition.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Although petitioner claims that all ten of the lawyers appointed to represent him provided ineffective assistance, he focuses his argument solely on Mr. Janelle, who did the lion's share of work in that proceeding. Hence, we likewise focus on Mr. Janelle's performance. Pursuant to the first prong of *Strickland*, petitioner was required to prove that Mr. Janelle's performance was deficient under an objective standard of reasonableness. However, pursuant to *Strickland*, we must presume that Mr. Janelle's conduct fell within "the wide range of professionally competent assistance" absent evidence to the contrary. 466 U.S. at 690. Here, the record on appeal reveals that Mr. Janelle and/or his associate, Mr. Aliveto, spent many hours reviewing the record from petitioner's underlying criminal proceeding and petitioner's numerous *pro se* habeas pleadings which were detailed, lengthy, and contained multiple claims for relief. The record on appeal also reveals that both lawyers regularly corresponded with petitioner and that Mr. Aliveto had a lengthy phone conversation with petitioner in November of 2004 during which petitioner's *Losh* list was discussed at length.

As for Mr. Janelle's decision not to file an amended habeas petition, we have said, "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syl. Pt. 21, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). We have also said, "A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'" *State ex rel. Daniel v. Legursky*, 195 W.Va.

4

314, 328, 465 S.E.2d 416, 430 (1995) (citations omitted). Here, Mr. Janelle's decision not to amend petitioner's *pro se* habeas pleadings was based upon his careful review of those pleadings and his finding that they were "thorough and well-written." Based on this record, we cannot say that Mr. Janelle's tactical decision not to amend petitioner's habeas petition was one that no other reasonably qualified defense attorney would have made, or was so ill chosen that it permeated the habeas process with obvious unfairness. Thus, Mr. Janelle's decision not to amend petitioner's habeas petition cannot stand as the basis for petitioner's claim of ineffective assistance of counsel.

Petitioner's second assignment of error is that the circuit court erred in denying his second habeas petition where no evidentiary hearing was held in his first habeas petition. We have said, "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). In the lengthy and comprehensive January 3, 2006, order denying relief in petitioner's first habeas proceeding, the circuit court cited to this syllabus point and then found that "[t]he petition demonstrates that [p]etitioner is not entitled to relief; therefore, the [c]ourt summarily dismisses [p]etitioner's [p]etition for [w]rit of [h]abeas [c]orpus." Based on this record, and in light of our holding in *Perdue*, we find no error.

Petitioner next claims that the circuit court erred in denying habeas relief in his second habeas petition on the ground that he had waived certain grounds for relief in his first habeas petition. Specifically, petitioner argues that any grounds for relief waived on his first *Losh* list were not actually waived because the *Losh* list he sent to the circuit clerk was merely "a draft" that was not signed by counsel.

The *Losh* list filed with the circuit clerk by petitioner in his first habeas proceeding claimed twenty-one of the fifty-three possible grounds for habeas relief. In the January 3, 2006, order denying petitioner's first habeas petition, the circuit court addressed (1) each of the grounds for relief raised in the petition and in the three supplements to the petition, and (2) each of the grounds for relief waived by petitioner's *Losh* list. With regard to these grounds for relief, we have said,

> A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh*, 166 W.Va. at 762-63, 277 S.E.2d at 608.

Petitioner's claim that his first *Losh* list was merely a draft is belied by the writing petitioner attached to that *Losh* list. That writing provided as follows: "Enclosed is a letter to Attorney Chris Janelle and my '*Losh*' list, please, place copy with my 'Motion to Compel' filed

5

June 6, 2005. And in my legal file for further use. Thank you!" In this writing, petitioner never claims that the list is a draft or that it is not to be used in his habeas proceeding. In fact, he clearly states that it is to be placed in his "legal file for further use." As such, it is disingenuous for petitioner to now claim that his first *Losh* list was merely a draft. With regard for petitioner's claim that his Losh list was not signed by counsel, we note that petitioner filed his first *Losh* list with the circuit clerk *pro se* without giving his counsel an opportunity to sign it. Further, as we found above, petitioner had the effective assistance of counsel prior to executing and verifying his first *Losh* list. Hence, we concur with findings in the order on appeal, that those grounds for relief ruled upon in petitioner's first habeas proceeding were finally adjudicated on the merits, and those grounds not waived on petitioner's second *Losh* list, but not addressed in petitioner's *pro se* pleadings, were waived via procedural default.

Petitioner next argues that the circuit court erred in denying the relief requested in his second habeas petition given the existence of newly-discovered evidence showing that he was incompetent during his underlying criminal trial. To support such a claim, petitioner was required to articulate in his pleadings, on the record, or at the omnibus hearing how this claim of newly-discovered evidence satisfied Syllabus Point 4 of *State ex rel. Smith v. McBride*, 224 W.Va. 196, 681 S.E.2d 81 (2009).[2] Because petitioner failed to do so, we find no merit in this assignment of error.

Petitioner's final assignment of error is that the circuit court erred in failing to address various other grounds for relief raised in his second habeas petition. Those grounds include the following: petitioner's sentence is cruel and unusual; his trial counsel was ineffective; the prosecuting attorney, certain trial witnesses, and law enforcement acted improperly; and venue was improper due to pretrial publicity. Petitioner also claims that the circuit court erred when it declined to adjudicate seven additional grounds for relief as constitutional violations of due

---

[2] Syllabus Point 4 of *State ex rel. Smith v. McBride*, 224 W.Va. 196, 681 S.E.2d 81 (2009), provides as follows:

"'A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his [or her] affidavit that [the defendant] was diligent in ascertaining and securing [the] evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side. Syl. pt. 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894).' Syllabus, *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979)." Syllabus point 3, *In re Renewed Investigation of State Police Crime Laboratory, Serology Division*, 219 W.Va. 408, 633 S.E.2d 762 (2006).

6

process. Specifically, petitioner claims he was denied due process where the trial court failed to instruct the jury that murder in the second degree is a lesser included offense of murder in the first degree; the trial court failed to instruct the jury that unlawful assault is a lesser included offense of malicious wounding; the trial court refused to allow the jury to hear an audiotape of petitioner's statement to the police; the trial judge failed to recuse himself; the trial court allowed the State to admit into evidence gruesome photos of the decedent's body; law enforcement failed to promptly present him before a magistrate; and the trial court admitted evidence resulting from an illegal arrest.

Although petitioner lists these claims, he fails to cite to the record on appeal or to present any legal argument in regard to them. We have oft said, "On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains . . . ." Syl. Pt. 2, *Perdue*, 156 W.Va. at 467, 194 S.E.2d at 658. Thus, we decline to further review this assignment of error.

For the foregoing reasons, we affirm the circuit court's March 12, 2014, order.

Affirmed.

**ISSUED:** May 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II